**2. TRIAL—VERDICT—VACATION.**

In a suit to establish a common-law marriage, the trial court had jurisdiction to set aside a verdict in favor of plaintiff, and hear and determine the case on the merits.

Appeal from Special Term, Westchester County.

Action by Carletta Herrmann against George Herrmann to establish a common-law marriage. From an order setting aside a verdict in favor of plaintiff, and directing the entry of a decree in favor of defendant (98 N. Y. S. 654), plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOPER, JJ.

Gustavus A. Rogers, for appellant.

Francis B. Mullin (William W. Goodrich, of counsel), for respondent.

PER CURIAM. As the evidence is not returned, there can be no review upon the merits. The trial court had jurisdiction to set aside the verdict and to hear and determine the case upon the merits.

The judgment is affirmed, with costs.

---

(50 Misc. Rep. 637)

## WALSH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

**1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.**

In an action against a street railroad company for injuries to a passenger, who, while standing on the running board immediately after the car started, was struck by the footboard of a wagon standing in the street, evidence held to require submission to the jury of the issue of defendant's negligence.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

Where a passenger stepped upon the running board of a street car, and before he could leave the running board was struck by the footboard of a wagon standing near, the passenger was not guilty of contributory negligence.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1379.]

Appeal from City Court of New York, Trial Term.

Action by Thomas Walsh against the Interurban Railway Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

G. Washbourne Smith, for appellant.

Bayard H. Ames and Anthony J. Ernest, for respondent.

BISCHOFF, J. The complaint was dismissed, at the close of the plaintiff's case, upon testimony which disclosed that the plaintiff had placed himself upon the running board of the defendant's open car, which had stopped to take on passengers, but that the car immediately started, and before he could leave the running board for a place of safety he was brought in contact with the projecting footboard of a wagon, standing in the street, and was injured. It appeared that the

wagon had been backed to the curb, and that the footboard was "very close" to the car, the exact distance not being shown, and that the car had moved only 16 feet when the accident happened.

Under these circumstances, negligence was inferable from the act of the defendant's servant in starting the car when the passenger's position must have been one of danger, and the plaintiff was not guilty of negligence in failing to anticipate the omission of reasonable care upon the part of the persons in control of the car. To board the car at all he had to place himself upon the running board, and he was not required to look for obstructions which would become dangerous to him only through the carrier's neglect in the matter of giving him a reasonable opportunity to take passage in safety. He was not given this opportunity, and the omission was the proximate cause of the accident, according to the favorable construction of the proof to which the appellant is entitled upon review of a judgment upon a nonsuit. This is not a case in which the passenger had remained in a position of danger after a reasonable time for him to take a safe position had gone by, nor one in which the element of notice of his position to the carrier's employés was lacking, and, in our view, there was sufficient proof to take the case to the jury.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.